UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:14-cr-0245 KJM |
| Plaintiff, | |
| v. | ORDER |
| PEDRO LOPEZ-SANCHEZ, | |
| Defendant. | |

Defendant Pedro Lopez-Sanchez, proceeding pro se[1], has filed a motion to reduce his sentence based on 18 U.S.C. § 3582(c)(2). ECF No. 95. For the reasons set forth below, the court has not required the government to respond to the motion and the motion will be denied.

Defendant relies on Amendment 782 to U.S.S.G. § 1B1.10, which became effective November 1, 2014, and lowered by two points the base offense level for most drug trafficking offenses. The Amendment applies retroactively to defendants sentenced prior to its effective date. *See Serrano v. United States*, 2014 WL 6773237 (E.D. Cal. 2014), slip op. at 1.

On December 9, 2015, defendant pleaded guilty to conspiracy to manufacture at least 100 marijuana plants. ECF Nos. 59, 61. Defendant's plea was in accordance with a Rule

/////

---

[1] On September 23, 2016, the Office of the Federal Defender filed notice declining to represent defendant on this motion. *See* ECF No. 105.

1

11(c)(1)(C) plea agreement. ECF Nos. 59, 61. On March 16, 2016, defendant was sentenced to 65 months in prison. ECF No. 87.

The authority of the district courts to modify a prison sentence is governed by 18 U.S.C. § 3582. In relevant part, § 3582 provides:

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . ., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

As the Ninth Circuit recognizes, "[t]he Supreme Court has clarified that section 3582(c)(2) requires a two-step inquiry." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (citing *Dillon v. United States*, 560 U.S. 817, 827 (2010)). "First, a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in U.S.S.G §1B1.10." *Id.* (citing *Dillon*, 560 U.S. at 827). This is done "by '"determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. *Id.* at 1155 n.3 (citing *Dillon,* 560 U.S. at ___ (quoting §1B1.10(b)(1))). Generally, §1B1.10 precludes reduction of a term of imprisonment below the minimum of the amended guideline range. *Id.* However, U.S.S.G. §1B1.10(b)(2)(B) authorizes a reduction below the amended guideline range for a defendant whose original sentence was below the applicable guideline range based on substantial assistance to the government.[2]

---

[2] U.S.S.G. § 1B1.10((b)(2)(B) (2015) provides:

> (B) Exception for Substantial Assistance.—If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

2

Assuming without deciding that defendant's Rule 11(c)(1)(C) plea agreement does not preclude the court's exercise of jurisdiction over this motion, *see generally United States v. Davis*, 825 F.3d 1014 (9th Cir. 2016) (en banc)*,* defendant is not entitled to relief.  As noted above, Amendment 782 became effective on November 1, 2014, and reduced by two points the base offense level for most drug trafficking offenses.  Here, defendant's base offense level was calculated using the 2015 United States Sentencing Guidelines Manual, which incorporated all relevant guideline amendments, including the reduced base offense levels effected by Amendment 782.  *See* PSR ¶ 11.[3]  Amendment 782 did not reduce defendant's sentencing guideline range and his motion will be denied.

For the foregoing reasons, IT IS HEREBY ORDERED that defendant Pedro Lopez-Sanchez's motion to reduce sentence, ECF No. 95, is denied.

DATED:  June 8, 2017.

_____
UNITED STATES DISTRICT JUDGE

---

[3] A copy of the final Presentence Investigation Report (PSR) prepared for defendant's sentencing hearing was filed under seal on February 10, 2016.  ECF No. 73.