UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PEDRO LOPEZ SANCHEZ,<br><br>Defendant. | No. 2:14-cr-00245 KJM<br><br>ORDER |

Defendant Pedro Lopez Sanchez, proceeding pro se, moves for a second time to reduce his sentence under 18 U.S.C. § 3582(c)(2). Mot., ECF No. 150. The government opposes the motion. Opp'n, ECF No. 152. As explained below, defendant's motion is DENIED.

Unlike his first motion to reduce sentence, *see* ECF No. 95, defendant seeks a sentence reduction based on the Supreme Court's ruling in *Hughes v. United States*, 138 S. Ct. 1765 (2018). *Hughes*, however, does not alter the court's analysis set forth in its prior order resolving defendant's first motion. ECF No. 137. It is true, as the *Hughes* court held, that a Type-C plea agreement, one entered in to under Federal Rule of Criminal Procedure 11(c)(1)(C), renders a defendant eligible for consideration of a reduction under § 3582(c)(2) so long as the agreement was "based on" the applicable sentencing guideline range. *Hughes*, 138 S. Ct. at 1775. Nonetheless, in considering resentencing under § 3582(c)(2), the court still must undergo the two-step analysis required by *Dillon v. United States*, 560 U.S. 817 (2010). *See United States v.*

*Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) ("The Supreme Court has clarified that § 3582(c)(2) requires a two-step inquiry." (citing *Dillon*, 560 U.S. at 826)).

Here, defendant's eligibility for consideration under § 3582(c)(2) is not disputed. *See generally* Opp'n (raising no argument defendant's Type-C plea agreement was not "based on" the applicable sentencing guidelines). Rather, the government renews its argument that under the first *Dillon* step, asking whether a sentence reduction is consistent with U.S.S.G. § 1B1.10, defendant does not qualify for a reduction because no guideline amendment has the effect of lowering defendant's applicable guideline range. Opp'n at 3–4. In its prior order, the court explained that it necessarily considered Amendment 782 to U.S.S.G. § 1B1.10 in calculating defendant's base offense level because the court relied on the 2015 United States Sentencing Guidelines Manual, "which incorporated all relevant guideline amendments, including the reduced base offense levels effected by Amendment 782." Prior Order, ECF No. 137, at 3. Therefore, Amendment 782 had no post hoc affect on the guideline range applicable to defendant's case. *Id.* at 3. Here, apart from his reliance on *Hughes*, defendant provides no argument based on a more recent guidelines amendment that would necessitate a departure from the court's prior order.

For these reasons, consistent with those articulated in the court's prior order, defendant Lopez Sanchez's second motion to reduce sentence, ECF No. 150, is DENIED.

IT IS SO ORDERED.

DATED: July 1, 2019.

_____
UNITED STATES DISTRICT JUDGE